**DISTRICT COURT OF MARYLAND FOR** ALLEGANY COUNTY

LOCATED AT (COURT ADDRESS)
123 S. Liberty Street, 2nd fl.
Cumberland, MD 21502

**COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
☒ $5,000 or under  ☐ over $5,000  ☐ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☒ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are:

CT I—Violation of the FCRA
CT II—Violation of the FDCPA
CT III—Violation of Maryland Unfair and Deceptive Trades and Practices Act
CT IV—Violation of the Telephone Consumer Protection Act
CT V—Violation of the Maryland Telephone Consumer Protection Act
CT VI—Violation of the Maryland Consumer Debt Collection Act

**SEE ATTACHED CONTINUATION SHEET**

CASE NO.: CV

**PARTIES**

Plaintiff:
ARTHUR ROBINSON
PO BOX 1000
CUMBERLAND, MD 21501-1000

VS.

Defendant(s):
1. CAVALRY PORTFOLIO SERVICES
4050 E. Cotton Center Blvd
BLDG 2, SUITE 20
PHOENIX, AZ 85040
Serve by: ☒ Certified Mail

SERVE BELOW:
2. THE CORPORATION TRUST INCORP.
351 WEST CAMDEN STREET
BALTIMORE, MD 21201
RESIDENT AGENT FOR DEFENDANT
Serve by: ☒ Certified Mail

The Plaintiff claims $ 5000.00, plus interest of $ 0, interest at the ☒ legal rate ☐ contractual rate calculated at ____ %, from ____ to ____ (____ days × $ ____ per day) and attorney's fees of $ ____ plus court costs.

☐ Return of the property and damages of $ ____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ ____ for its detention in action of detinue.
☐ Other: ____
and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code

Printed Name:
Address: PO BOX 1000 CUMBERLAND MD 21501
Telephone Number:
Fax:
E-mail: arthurrobinson1974@comcast.net

**ATTORNEYS**
For Plaintiff - Name, Address, Telephone Number & Code

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s) ____ is/are in the military service.
☒ No Defendant is in the military service. The facts supporting this statement are:
The Defendant is a corporation and DOD database yields no hits on active duty

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

NOVEMBER 12, 2015
Date                                    Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☒ SEE ATTACHED ☐ Verified itemized repair bill or estimate
☐ Vouchers ☐ Check ☐ Other written document ____
I HEREBY CERTIFY: That I am the ☒ Plaintiff ☐ ____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

NOVEMBER 12, 2015
                                        Signature of Affiant

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing, a judgment could be entered against you.**

### If Judgment is Entered Against You (If You Lose)

**IF YOU DISAGREE WITH THE COURT'S RULING,** you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-109A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:
   - **more than $5,000,** you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).
   - **$5,000 or less,** you will have a new trial in the Circuit Court.

   On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

**IF YOU DECIDE NOT TO APPEAL AND NOT TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.

### NOTICE TO PLAINTIFF

1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.

2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

)LLIER ROBINSON v. CAVALRY PORTFOLIO SERVICE

lintiff Robinson sues Defendant, CAVALRY PORTFOLIO SERVICE ("CPS")., due to invasion of privacy, intrusion into his :lusion, Fair Credit Reporting Act violations, Fair Debt Collection Practices Act violations, violations under the Maryland fair and Deceptive Trades and Practices Act, Maryland Telephone Consumer Protection Act and Maryland Consumer Debt llection Act.

or about September 2014, CPS placed a derogatory trade line unto the consumer report of Plaintiff.

or about October 1, 2014, Plaintiff wrote CPS demanding the trade be deleted due to him not legally owing the debt.

or about December 1, 2014, Plaintiff wrote CPS a second time advising them their credit reporting was in error.

or about May 1, 2015, Plaintiff wrote CPS a third and final letter stating the debt was being reported in error and they failed respond.

)UNT 1-VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 USC 1681s-2 section 623

Duty of furnishers of information to provide accurate information
(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate
) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer any consumer reporting agency if:
the person has been notified by the consumer, at the address specified by the person for such notices, that specific ormation is inaccurate; and
the information is, in fact inaccurate

aintiff wrote CPS 3 times, and they ignored the letters. These letter clearly and conspicuously advised CPS that they had no rmissible purpose to obtain a credit report on Plaintiff, nor any permissible purpose to report a derogatory trade-line. Since ›S was notified under 1681s-2 sec. 623 (a)(1)A) and (B)(i) and there was no response from CPS, it can be construed as an mission that they do not find any business records on Plaintiff, therefore 1681s-2 sec. 623 (a)(1)(B)(ii) is relied to enforce this ction so no response by CPA can be construed liberally that the information (derogatory trade-line) is in fact, inaccurate.

)UNT 2-VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692 et seq.

' continuing to report to a consumer reporting agency on an alleged trade of Plaintiffs, the FDCPA was violated as follows:

iction 808 'unfair practices' (1), –Plaintiff owes no debt to anyone that CPS could have been collection for.;
iction 809 'validation of debts' (a)(1)(2)(3)(4)—if there was a perceived debt that CPS had, they failed to send consumer any tual notice about any alleged debt prescribed under this section; and (b)—the Defendant 'overshadowed' the consumer's right exercise his dispute rights under paragraph (b) of section 809, 15 USC 1692g.
iction 807 'false or misleading representations' (8) Communicating or threatening to communiate to any person credit 'ormation which is known or which should be known to be false.

)UNT 3-VIOLATION OF THE MARYLAND UNFAIR AND DECEPTIVE TRADES PRACTICES ACT 13-301

iction 13-301 UNFAIR OR DECEPTIVE TRADE PRACTICES;

}-301 of Maryland Commercial Code also include any

nfair or deceptive trade practices include any:
) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind nich has the capacity, tendency, or effect of deceiving or misleading consumers;

4) Violation of a provision of:
i) Title 14, Subtitle 2 of this article, the Maryland Consumer Debt Collection Act;
1d
x) Title 14, Subtitle 32 of this article, the Maryland Telephone Consumer Protection Act

The Defendant could have simply removed the derogatory trade-line and apologized to the Plaintiff, they did not, they ignored not 1 but 3 letters from Plaintiff, thus creating liability under these statutes.

## COUNT 4-VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

Defendant CPS, upon information and belief, called the cellular phone(s) of Plaintiff, 443-253-6812 and 571-393-1729 without written permission pursuant to the TCPA.

The TCPA states in part that:

(1) The term "automatic telephone dialing system" means equipment which has the capacity-
(A) to store or produce numbers to be called, using a random or sequential number generator; and
(B) to dial such numbers

(b) Restrictions on use of automated telephone equipment
(1) PROHIBITIONS
It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called part using any automatic telephone dialing system or an artificial or prerecorded voice-
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or othe radio common carrier service, or any service which the called party is charged for the call.

In Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec 31, 2012), the District Court held that "an entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call".
The FCC, in 2008, held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules.

In Gutierrez v. Barclays Group, US Dist Ct., S.D. Calif 2011, the Court held 'revocation of prior express consent by the subscriber permitting calls by any party need not be in writing, i.e. oral revocation is sufficient.

In Osorio V. State Farm Bank, 746 F.3d 1242, 1257-58 (11th Cir. 2014)(analyzing section 227(b)(1)(A)(iii) under the rule of las antecedent and other canons of statutory interpretation to hold that Plaintiff was "not required to prove he was charged individually for each call", specifically, the mere fact that Robinson's number was dialed and he did not answer is enough to trigger damages under the TCPA.

and;

In Manno v. Healthcare Revenue Recovery Grp., 289 F.R.D., 674, 683 (S.D. Fla. 2013), the Court held that "the TCPA does n require plaintiff to be charged for the calls in order to have standing to sue".
Defendant CPS, upon information and belief, called the cellular phone(s) of Plaintiff, 443-253-6812 and 571-393-1729 without written permission pursuant to the TCPA.

Defendant, CPS also violated 47 CFR 227 (c)(5)(B) and 47 CFR section 64.1200 (d)(l) by failing to provide a "do not call policy" pursuant to (c)(5)(B), in a 'reasonable amount of time' after being requested to do so via telephone on or about August 22, 2014.

## COUNT 5- VIOLATION OF THE MARYLAND TELEPHONE CONSUMER PROTECTION ACT

Maryland Code 14-3201 'violations of certain federal laws and regulations prohibited states that a person may not violate:

(1) The Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 USC 6101 through 6108, as implemented by the Federal Trade Commission in the Telemarketing Sales Rule (16 CFR Part 310); or

(2) The Telephone Consumer Protection Act, 47 USC 227, as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 CFR Part 64, Subpart L).

Defendant violated the MTCPA by violating the Federal TCPA by failing to provide a copy of the "do not call policy" as prescribed in 47 CFR 227 (c)(5)(B) and 47 CFR 64.1200 (d)(l).

Defendant violated the MTCPA by violating the Federal TCPA by making an automated or autodialed call as outlined in 47 CFR

## COUNT 6- VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

Maryland Code 14-201 through 14-204 is titled the "Maryland Consumer Debt Collection Act", and the Defendant is a 'collector' identified in (b) of this Act.

The Defendant violated (3) of this Act which states "Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false;"

To wit:

A letter dated August 22, 2015 (enclosed) which was sent by Cawley & Bergmann, LLP, assignee of CPS for collection of $303.71 for "Synchrony Bank/Home Design Strategic", in which Plainitff sent a letter dated September 8, 2014 that clearly identifies this debt as fraudulent, with a notice that payment is being refused and warning legal action if further collection activity undertaken. (enclosed). Defendant's agent recevied this letter via fax on 9/8/14 @ 15:32 and 15:28, yet collection activity is still reported derogatively to the credit bureaus, and said trade line was not removed.

Pursuant to Md. Courts Jud. Pro. Code Ann, Section 6-103, because the Defendant conducts business in the State of Maryland, personal jurisdiction is established. This is known as the "Maryland Long Arm-Statute".

WHEREFORE, Plaintiff claims damages under the FCRA, FDCPA, TCPA and MDUDTPA, MDTCPA and MDCPA as follows:

$1000 in damages under 15 USC 1681n (a)(1)(A) and (b);
$1000 in damages under 15 USC 1692k (2)(A); and
$1000 in damages under 13-301 of the Maryland Unfair and Deceptive Trades Practices Act for MDCA and MDTCPA violations
$1000 in damages under the Maryland Debt Collection Act.
$1000 in damages under the Telephone Consumer Protection Act and the Maryland Telephone Consumer Protection Act

TOTAL DAMAGES OF $5000.00.

Dated: 11/12/15   [signature]